## The Lehigh Valley Railroad Company *versus* Hall.

| 61 | 361 |
|----|-----|
| 168 | 570 |
| 61 | 361 |
| 186 | 496 |

1. Marriage in Pennsylvania is a civil contract and is provable in all civil actions by cohabitation, reputation, acknowledgment of the parties, reception of the family and any other circumstance from which it may be inferred.

2. The judge below was not asked at the time of trial to reduce his charge to writing or to file it, but some time after the trial it was filed at the request of a party, no bill of exceptions to it being sealed. *Held*, on error, that the charge was not before the Supreme Court.

3. A man was found dead on a railroad where it crossed a street, having been killed by a train of cars. *Held*, that whether he was lawfully on the railroad and whether his own negligence contributed to his death were for the jury.

4. It is the duty of one lawfully attempting to cross a railroad to stop and look both ways and listen for approaching trains; but positive evidence that he observed such precautions is not necessary.

March 16th 1869.　Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ.　SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county:* No. 235, to July Term 1868.

This was an action on the case brought by Mary Hall against The Lehigh Valley Railroad Company: the plaintiff alleging that the defendants had negligently caused the death of her husband.　The writ was issued March 16th 1866.

The Lehigh Valley Railroad runs northwardly through Allentown, having there a double track.　Front street in Allentown has the same *general* direction as the railroad.　Linden street runs east and west, and at its eastern end is intersected by Front street; at or near this intersection the railroad crosses Front street at a very acute angle.　About 8 o'clock at night on the 17th of February, 1866, the dead body of David Hall was found between the rails of the " eastern or up track" of the railroad some distance above the wagon track of Linden street.　It was conceded on the trial that he had been struck by a coal-train going up.

On the trial, June 4th 1868, before Butler, P. J., of the 15th District, two questions were raised: first, whether the plaintiff was the wife of the deceased, and secondly, the main question, whether the death was caused by the defendants' negligence.　Under objection and exception, Harrison Beitler testified for the plaintiff.

" David Hall boarded at our house, and Mrs. Hall, the plaintiff, boarded with him.　They lived together as man and wife, and were treated and recognised as man and wife by all the neighbors."

P. Linebach testified: " I kept the public-house after Beitler left it.　I kept it in 1864.　Hall and his wife, the plaintiff, lived there as man and wife; so treated each other, and were so regarded by the neighbors."　There was other evidence of the same kind.

[Lehigh Valley Railroad Co. *v.* Hall.]

C. Dormus testified to finding the body and to seeing blood on Linden street crossing.

H. Trexler, the night watch of defendants, testified, that two coal-trains, one up and the other down, passed each other on the night of the casualty between 7 and 8 o'clock; the engines of the trains passed each other about 400 feet south of Linden street, each train having about 100 cars. The up train had no head light. Witness heard no bells or whistle; the trains were on their regular speed; a train without a head light would make noise enough to attract attention; the night was dark.

F. Kent testified, that the blood was on the east rail of the east track, about 17 feet north of Linden strret. There was other evidence of a similar nature. There was also evidence as to the age of the deceased, his character as a workman, his habits as to temperance, &c. The defendants gave evidence for the purpose of showing that the deceased was seen intoxicated about 7 o'clock on the night of his death, going down Front street, and that he would have to cross the railroad before reaching Linden street, with other evidence for the purpose of sustaining their part of the issue.

The defendant submitted these points:—

1. The use of a railroad track, except at lawful 'crossings of public roads, streets or highways, is exclusively for the company and their employees. Any person walking thereon is a trespasser, and if injured by the company or its employees in the ordinary transaction of their business, is without remedy against the company.

2. Where there is mutual contributory negligence resulting in an injury, neither party can recover from the other for the consequences.

3. The rules which regulate the running of trains on a railroad are intended solely for the protection of the property of the company, and the safety of their employees and passengers, and not for persons improperly on their track.

4. There is no duty resting upon a railroad company to anticipate or take precaution against the wrongful acts, or negligence of others, and failure to take such precautions is not a failure in duty nor negligence.

5. Sounding the whistle or making other signals is not a duty which a railroad company owes to persons in the neighborhood, and the omission to do so is no evidence of negligence.

The court answered:—

" The foregoing points are all of them affirmed; and the principles annunciated therein, will be more fully stated in the general charge.

" The last however must not be understood as applying to persons travelling upon the streets and having occasion to cross the railroad there."

The court further charged :—

[Lehigh Valley Railroad Co. v. Hall.]

" On the night of the 17th of February 1866, David Hall was found dead on the track of the defendants' road in this town.

" The circumstances exhibited render it reasonably certain, that he was killed by a passing train. About this no question has been made by the defendants.

" The plaintiff sues, as the wife of the deceased, to recover compensation for the loss she has sustained by his death.

" The first question presented is, *was she his wife?* You have heard the evidence bearing on this question. The counsel have just repeated it in your presence, and from it you will determine the fact. If you find she *was* his wife, you will then pass to the second question.

" Was he killed *in the street,* while travelling across the railroad? For if he was not so killed, in the street, the defendants are not responsible. If he was walking *along the railroad,* he was a trespasser, and no recovery can be had for the injury sustained. Then was he on the street, lawfully travelling across the railroad when struck? This question has been fully discussed by the counsel, and the evidence relied upon minutely pointed out. We could not aid you by restating or dwelling upon it.

" You will say from a careful examination of the facts, whether the deceased was killed *in the street* while lawfully travelling across the railroad—remembering that the burden of satisfying you that he was so killed *in the street* rests upon the plaintiff. If you find he was, you will then pass to the third question, to wit:

" Did this result from *carelessness in the defendants' agents* in charge of the train? As was said by the Supreme Court in The Philadelphia & Trenton Railroad Company *v.* Hagan, 11 Wright 244, 'it is the duty of those in charge of a train, to approach the crossing a public street, at a moderate rate of speed, and to give timely warnings to travellers and pedestrians lawfully passing there.' Did the defendants' agents observe this necessary care? The burden of showing that they did not is on the *plaintiff.* The presumption is in their favor; and the defendants must be allowed to rest upon it until the contrary be shown."

The court having referred to the evidence, proceeded:—

" From the position in which the deceased was found (between the rails of the east track), and the marks of blood further down, it would seem probable that it was the *up* train that struck him.

" You will consider all the facts and determine whether the agents in charge of the train that did this mischief, observed the requisite care to avoid accident in crossing the street. If you find they did *not,* you will pass to the next question, to wit:

" Was the *deceased* also guilty of negligence contributing to the result? For if he was, the plaintiff cannot recover, no matter how negligent the defendants' agents may have been. To enable the plaintiff to recover, the death must have resulted from the de-

[Lehigh Valley Railroad Co. *v.* Hall.]

fendants' negligence (or rather that of their agents) *alone.* Where there is *concurrent negligence in both parties,* in cases of this description, the law does not permit a recovery; and the jury will carefully bear this in mind. While it was the duty of the defendants' agents in charge of their trains to approach the street with the caution we have pointed out, it was the duty of the deceased also, to be upon *his guard,* to observe all reasonable care, in approaching the road; to stop and look and listen for the trains. And if he failed in this he was guilty of negligence. What does the evidence show in this respect? No one saw him approach the crossing. And you cannot therefore have positive, or direct, testimony of what he did or omitted to do. But the defendants have appealed to the circumstances surrounding the transaction, to show that the deceased did not observe proper care. And these circumstances are worthy your attentive consideration. If he had been upon his guard as he approached the road, looking and listening, could he have seen or heard the train and avoided the danger? If he could, it is plain he was guilty of carelessness in going upon the track as he did. In considering this question it is important to bear in mind the evidence that two trains were passing each other at or about this point; that the up train was without a head light, that the night was dark, and that no signals were given, or at least heard by the witnesses who were looking on. Might this train have approached unobserved in the darkness, its noise being mistaken for that of the other? And if so, is it probable that this train did the mischief? If the other had a head light, as would seem to have been the case from the evidence, it is not reasonable to suppose that the deceased, with proper vigilance, could have failed to see its approach.

" The defendants allege that the deceased was intoxicated at the time. You have heard what the witnesses said on this subject. If you find he *was* intoxicated, this circumstance should have an important bearing on the question under consideration, for such a condition would tend to unfit him for the observance of proper care, and give rise to a presumption of negligence.

" You will examine all the evidence relating to this subject, and say whether the *deceased was guilty of negligence,* in entering upon the track as he did.

" If you find he *was,* then we repeat, the plaintiff cannot recover, no matter how careless the defendants' agents may have been. On the other hand if you do not find he was, but that the death occurred from carelessness in the defendants' agents *alone,* then the plaintiff will be entitled to recover (provided, of course, the deceased was her husband).

" If you find her entitled to recover, she should receive what will compensate her for her *pecuniary* loss, her loss of *support.* In considering this you will recollect the circumstances of the parties.

[Lehigh Valley Railroad Co. *v.* Hall.]

He was a laboring man, a good workman. While she was entitled to a support at his hands, *he* was entitled to her *services* as his wife. How much more was that support worth than the services she was required to render in return? You will give to her (if you reach this point) such a sum as will make her whole in this respect, and no more.

"In conclusion we will repeat: to entitle the plaintiff to your verdict, you must be satisfied:

"1st. That she was the wife of the deceased.

"2d. That the deceased was killed *on the street* while travelling across the railroad.

"3d. That the killing was the result of *carelessness on the part of the agents* in charge of the train, and of this *alone* (without concurrent negligence on the part of the deceased).

"If you *are* so satisfied your verdict will be in favor of the plaintiff. Otherwise it will be for the defendants.

"You will be carefully on your guard against the indulgence of any feeling of sympathy or prejudice. It is the right of the parties to have the case tried by the *evidence*. And if you shall listen to any other consideration in passing upon it, you will do injustice to the parties and to yourselves."

In certifying the charge the judge added :—

"It is proper to say that no exceptions were taken to the charge, nor was the court asked to reduce it to writing and file it, at the time of the trial. But the same is now filed with the bill of exceptions, because of a request made at *this time* that the same might be done. This request coming from the defendants' counsel. January 8th 1869."

The verdict was for the plaintiff for $2000.

The defendants took a writ of error. They assigned ten errors; nine related to the charge on the question of negligence; and the tenth to the admission of the evidence to prove the marriage of the plaintiff and the deceased.

*R. E. Wright* and *H. Green,* for plaintiffs in error.—When there is a material misdirection there will be a reversal, although no special instructions were asked: Garrett *v.* Gonter, 6 Wright 143; Gregg Township *v.* Jamison, 5 P. F. Smith 468. As to the character of proof necessary for the plaintiff: Chamberlain *v.* Milwaukee Railroad, 7 Wisconsin 425; Dressler *v.* Davis, Id. 527; Lucas *v.* Taunton & N. Bedford Railroad, 6 Gray 64; Robinson *v.* Fitchburg & Worcester Railroad, 7 Id. 92; Dickey *v.* Maine Telegraph Co., 43 Maine 492; Chicago *v.* Mayor, 18 Illinois 349; Griffin *v.* N. York, 5 Selden 456; Runger *v.* Central Railroad, 1 Dutch. 556; Orrings *v.* Jones, 9 Md. 108; Moore *v.* Central Railroad, 4 Zabriskie 268; Dyer *v.* Talcott, 16 Illinois

[Lehigh Valley Railroad Co. *v.* Hall.]

300; Park *v.* O'Brien, 23 Conn. 339; Pittsburg, F. W. & Ch. Railroad *v.* Evans, 3 P. F. Smith 250.

*T. B. Metzgar* and *J. H. Oliver*, for defendant in error.—The charge is not before the court so as to be assigned for error: Wheeler *v.* Winn, 3 P. F. Smith 122; 2 Tidd's Pr. 788; Jones *v.* Insurance Co., 1 Binn. 38; Lancaster *v.* De Normandee, 1 Wharton 49; Bratton *v.* Mitchell, 3 Barr 44; McAdams *v.* Stillwell, 1 Harris 96; Meese *v.* Levis, Id. 384; Holden *v.* Cole, 1 Barr 303; Wissler *v.* Hershey, 11 Harris 335. The defendant's points indicated that all the matters complained of in the charge were for the jury, and it is not error to omit an explanation of the law unless instructions are prayed: Burns *v.* Sutherland, 7 Barr 103; Caldwell *v.* Holler, 4 Wright 161; Walker *v.* Humbert, 5 P. F. Smith 407; Bain *v.* Doran, 4 Id. 124; Newman *v.* Edwards, 10 Casey 32; Weamer *v.* Juart, 5 Id. 257; Brittain *v.* Doylestown Bank, 5 W. & S. 87; Reeves *v.* Del., Lackawana & West. Railroad, 6 Casey 454. As to the presumption of negligence: Phila. & Tr. Railroad *v.* Hagan, 11 Wright 244; Pittsburg, F. W. & Ch. Railroad *v.* Evans, 3 P. F. Smith 250; Hanover Railroad *v.* Coyle, 5 Id. 399.

The opinion of the court was delivered, May 11th 1869, by
WILLIAMS, J.—There are ten specifications of error in this case, nine of which relate to the charge of the court, and one to the admission of the testimony of Harrison Beitler, to prove the marriage of the plaintiff below with the deceased. The testimony of Beitler, showing that the parties lived together as man and wife, and that they were treated and recognised as such by the neighbors, was properly received. Marriage is regarded in this state as a civil contract, and is provable in all civil actions by cohabitation, reputation, acknowledgment of the parties, reception of the family, and any other circumstances from which it may be inferred.

The charge, which is the basis of the other assignments, is not properly on the record. No exception was taken to it, nor was the court asked to reduce it to writing, and file it at the time of the trial. It was filed, as the presiding judge certifies, at the request of counsel of the defendants below, made more than seven months after the verdict was rendered, and a month after judgment was entered thereon, and without any bill of exceptions being sealed thereto. As the charge has not been brought upon the record in either of the modes provided by law, Wheeler *v.* Winn, 3 P. F. Smith 122, it is not properly before us, and this would be a sufficient reason for disregarding the assignments of error and affirming the judgment. But if it had been made part of the record, no sufficient grounds have been shown for a reversal of the judgment. On the trial, the counsel of the railroad

company submitted a number of points, all of which the court affirmed, and in the general charge laid down the law in strict accordance with the principles stated in the points, and submitted the question arising thereon under the evidence, with great fairness and impartiality, to the jury. Under the instruction of the court the jury found that the deceased was killed on the street, while lawfully crossing the railroad, and that his death was the result of carelessness on the part of the company's agents in charge of the train, without concurrent negligence on his part. The company now complains that the court erred in submitting these questions to the jury, and insists that it ought to have instructed them, that there was no proof that the deceased conducted himself with ordinary care in crossing the railroad, and no evidence that would warrant the inference that his own negligence did not contribute to his death; and that in the absence of affirmative proof of the exercise of proper care on his part, the plaintiff below was not entitled to recover. But the court was not asked to withdraw the case from the jury by a binding direction that there could be no recovery under the evidence, and it would have been error to have given any such instruction if the request had been made.

The evidence showed that the railroad crossed Linden street near its intersection with Front street, with a double track; that the deceased was last seen alive coming down Front, some distance above Linden street; that he was found dead on the railroad, lying between the rails of the eastern track about fifty feet above Linden street; and that there were marks of blood on the outside or the eastern rail at the crossing on Linden street. The accident occurred between 7 and 8 o'clock in the evening, and the night was dark. Two coal-trains belonging to the company, one coming down, and the other going up, passed each other a square or two below Linden street; the down train had a head light, the up train, by which the deceased was killed, had no head light, and gave no warning of its approach by bell, whistle or other signal, as it passed through the town. It was running at the usual rate of speed, and must have reached the Linden street crossing just after the down train had passed over it.

Under the evidence, it is clear that the case could not have been withdrawn from the jury. It was their province to deal with the facts, and to draw from them the proper conclusions. The court could not assume that the deceased was a trespasser on the railroad, and had no right to be where he was at the time he was struck by the passing train. Nor could it assume that his own negligence contributed to his death, and that it was not occasioned by the negligence alone of the company's agents in charge of the train. If there were blood marks on the rail on Linden street, might not the jury properly infer that the deceased was killed

[Lehigh Valley Railroad Co. *v.* Hall.]

while crossing the railroad at that place, and as it was a public street, that he was rightfully there? And if the train was running without a head light, and without giving any other notice or warning of its approach, might not the jury infer that his death was occasioned by the recklessness of the company's agents in thus running the train, rather than by any want of care on his part in not observing it in time to avoid danger? It is true that it was the duty of the deceased, before he attempted to cross the railroad, to stop and look both ways, and listen for approaching trains, but it does not follow that there can be no recovery for his death, in the absence of direct and positive evidence that he observed these precautions. Nor does it follow that he failed to observe them because he was struck by the passing train.

How could he distinguish the noise of the train which went down with a head light from that of the train which was coming up; and what reason had he for supposing that a train was coming up at that hour without a head light, or signal of any kind? Where one is killed by such negligence as was shown in this case by the agents in charge of the train, the law will not presume in the absence of proof that his own negligence contributed to his death. If the court had charged that, the legal presumption in such case is, that the deceased was guilty of concurrent negligence, and that there could be no recovery for his death, without affirmative proof that he exercised due and proper care in crossing the railroad, and that he observed all the requisite precautions before he attempted to set his foot on the track, it would have been error.

The plaintiff in error, then, as we have endeavored to show, has no reason to complain of the charge; it was as favorable as the company had any right to expect. Whether a wife is entitled to recover as damages for the death of her husband only the difference between the worth or value of her services, and of the support which she would be entitled to receive from her husband, as the court charged in this case, it will be time enough to consider when the question arises.

Judgment affirmed.