## STANDARD ACC. INS. CO. v. RITCHIE.

### No. 2771.

Court of Civil Appeals of Texas. Beaumont.

Dec. 19, 1935.

Rehearing Denied Jan. 8, 1936.

Kemper, Hicks & Cramer, of Houston, and Barnes & Barnes, of Beaumont, for appellant.

Howth, Adams & Hart and Elton Cruse, all of Beaumont, for appellee.

WALKER, Chief Justice.

This is a compensation case with appellee, F. P. Ritchie, plaintiff below, the employee, appellant, Standard Accident Insurance Company, defendant below, the compensation insurance carrier, and Sneed Construction Company, the employer.

It was the theory of appellee's petition, found by the jury in his favor, that on or about the 21st day of October, 1932, while in the course of his employment with Sneed Construction Company, he was compelled to use a toilet on the premises where he was employed; that, as a result of using the toilet, he got gonorrheal germs in his eye; that, as a result of this infection, he lost the sight of his eye and suffered a total permanent incapacity to labor and earn money. The jury found additional facts sufficient to support an award of compensation under the terms of our Workman's Compensation Act (Vernon's Ann. Civ.St. art. 8306 et seq.), with a lump sum payment; accordingly, judgment was entered in favor of appellee against appellant for the lump sum of $7,145, with interest at the rate of 6 per cent. per annum from the 6th of August, 1934, the date of the judgment.

#### Opinion.

The petition was not subject to the general demurrer. A total permanent incapacity incurred by an employee in the manner alleged in the petition is compensable.

We sustain the assignment that the verdict of the jury was wholly without support in the evidence, which may be summarized as follows: Before appellant began working on this job, he had never had gonorrhea; no member of his immediate family had ever had gonorrhea. While working on this job, he used the servants' toilet on the premises in answering the calls of nature. From time to time, in using this toilet, he found the seat of the commode wet; with this exception, the toilet was not noticeably dirty. Negroes used this toilet. There was no proof that any one using this toilet had gonorrhea, or had ever had gonorrhea. There was no proof that a gonorrheal germ was ever found in this toilet, nor that any one afflicted with gonorrhea ever visited the toilet. For several weeks before being employed on this job, appellee had not used the street cars, but went to his work in an automobile.

There was no proof that any one afflicted with gonorrhea had, ever used this automobile, nor was there any proof that appellee, prior to the time he was infected, had ever associated with any one afflicted with gonorrhea; proof was received on the negative of these two issues. About ten days or two weeks before his infection, he carried his small son to a street toilet in the city of Beaumont, one open to the general public, but appellee did not himself use the toilet. Appellee had been on this particular job several days before 'the infection developed. He experienced pain in his eye for the first time in the afternoon of October 21; he suffered severe pain with it that night, and the next morning was sent to a doctor.

To find for appellee in this case, the jury indulged two presumptions: (a) That the toilet, used by appellee at the place of his employment, was infected with gonorrheal germs. As stated above, there was no proof whatever on that issue. It follows that there was no support in the record for this first presumption. (b) Having presumed that the toilet was infected with gonorrheal germs, the jury indulged the second presumption that appellee was infected by this toilet. Under the facts of this case, granted the first presumption, the rules of circumstantial evidence would have authorized the jury to find in appellee's favor on the second presumption. That he had a gonorrheal infection was clearly established. Had the toilet been infected, the evidence might have excluded any reasonable hypothesis of an infection from any other source. It was not necessary that the proof show with absolute certainty that appellee was infected by the toilet; it was sufficient for the evidence to produce a reasonable presumption of that fact. Therefore the jury could have found that appellee was infected by this toilet. However, appellee was required to show that the toilet was infected. The jury could not presume an infected toilet, and then, piling presumption upon presumption, presume that appellee was infected by the toilet. The Supreme Court of the United States, in U. S. v. George Ross, 92 U.S. 281, 283, 23 L.Ed. 707, said: "No inference of fact or of law is reliable drawn from premises which are uncertain. Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed. Starkie on Ev. p. 80, lays down the rule thus: 'In the first place, as the very foundation of indirect evidence is the establishment of one or more facts from which the inference is sought to be made, the law requires that the latter should be established by direct evidence, as if they were the very facts in issue.' "

Discussing proof of a civil fact by circumstantial evidence, Judge Gaines, speaking for our Supreme Court in Missouri Pacific Railway Co. v. Porter, 73 Tex. 304, 11 S.W. 324, 325, said that such fact "may be established by circumstances (Lehigh Valley R. R. Co. v. Hall, 61 Pa. 361); but the circumstances themselves must be shown by direct evidence, and cannot be inferred from other circumstances. It is not admissible to go into the domain of conjecture, and to pile one presumption upon another."

Under these rules of evidence, the verdict in this case was wholly without support, for the jury went into the domain of conjecture and piled one presumption upon another. Appellee relies principally upon Millers' Indemnity Underwriters v. Heller (Tex.Civ.App.) 253 S.W. 853. That case is distinguishable from the case at bar upon the principle that the circumstances in that case from which the infection was inferred were established by direct testimony.

Certain exceptions are brought forward against the court's charge on the ground that one of the issues submitted was without support in the pleadings or the evidence. That point can be taken care of upon another trial.

If, on another trial, the court charges on circumstantial evidence, the charge should conform to the principles of law announced by Judge Gaines in the Porter Case, supra.

It follows that the judgment of the lower court must be reversed. Manifestly certain phases of this case were not fully developed on the first trial; for that reason, on appellee's request made on oral argument, we do not render judgment here in favor of appellant, but remand the cause for a new trial.

Reversed and remanded.