**JACKSON v. SCHOENMANN et al.**

**No. 2912.**

Court of Civil Appeals of Texas. Beaumont.

May 5, 1936.

Rehearing Denied May 13, 1936.

226

Glenn M. Green and Ewing Werlein, both of Houston, for appellant.

Sewall Myer and Lewis Fisher, both of Houston, for appellees.

COMBS, Justice.

This was an action for damages brought by appellant, J. C. Jackson, in the district court of Harris county against appellees, L. Schoenmann, W. P. McInereney, and Ed Blackman, as defendants. The defendants were alleged to be partners in the business of selling, delivering, and distributing beer. There was a sworn denial that the latter defendants were partners with Schoenmann in the beer business, but the question of partnership is not material to any issue presented on this appeal.

Plaintiff, Jackson, was employed by the defendants as a bookkeeper and checker. On the occasion of his alleged injury plaintiff was standing on the sidewalk near where a fellow employee, Arthur Carter, was unloading a truck load of empty beer bottles in cases. Carter was removing the cases from the truck and stacking them on the sidewalk when, according to the plaintiff, Carter negligently threw a case of bottles on a stack within a few inches of where plaintiff was standing with such violence that a small quantity of liquid in one of the open bottles was caused to splash into the face and eyes of the plaintiff. Plaintiff testified that the liquid caused his eyes to smart and burn, and in a day or so inflammation began to develop in his left eye. He continued to work, however, a couple of days; in the meantime taking a trip in the delivery of beer into several adjoining counties where he delivered beer to cold drink stands, etc. Upon his return to Houston, which was the third day after the liquid had been splashed into his face, his eye had

become so inflamed he went to a physician for treatment, and it was then discovered that the condition of his eye was caused by a gonorrhoeal infection. The infection soon spread to the other eye, and the result was that the vision of one eye was completely destroyed, and the vision of the other reduced to 9/45 of normal.

The plaintiff predicated this suit upon the theory that the liquid which was caused to splash into his face and eye was urine containing gonorrhoeal germs, and that his infection came from that source. His evidence further tended to show that the defendants sold beer to saloons, restaurants, night clubs, lunch stands, and similar places; and that the bottles being unloaded at the time of the accident had been gathered by the employee, Carter, from various places of that kind where they had been exposed to filth and contamination; and that the defendants knew, or, in the exercise of ordinary care, ought to have anticipated that the contents remaining in the open bottles gathered from such sources was of deleterious and harmful nature, containing filth and dangerous germs, which would cause infection and injury when thrown into one's face and eye. It was shown, also, that the plaintiff was a man of clean habits; and that up until the time of the alleged injury he had never suffered from gonorrhoeal infection.

No test was made of the liquid which was splashed into the plaintiff's face to determine its nature or whether it contained gonorrhoeal germs. The plaintiff testified that it looked and smelled like urine, and his wife testified that the small quantity which splashed onto his shirt and which remained on it at the time he returned home in the afternoon appeared to be urine and smelled "terrible." Plaintiff admitted that he made no complaint to Carter at the time the liquid was splashed into his face, and Carter denied in toto that he had splashed any liquid into the plaintiff's face. The undisputed medical testimony was to the effect that if the liquid in question contained active gonorrhoeal germs, they must have been deposited in it within sixty hours before the accident, for the reason that such germs will not live under the most favorable conditions longer than sixty hours. It was, also, shown by the medical testimony that gonorrhoeal infection of the eyes may occur in many ways, such, for example, as the hands coming in contact with an infected towel, toilet seat, or other source of

infection, and then rubbing the eyes with the hand. It was, also shown that, during the trip above referred to, the plaintiff had gone into saloons, cafés, hotel wash rooms, and similar places between the time the liquid was splashed into his face and the time when he went to the doctor three days later. It was, also, shown that such a gonorrhoeal infection of the eye would develop in from twelve to forty-eight hours.

At the conclusion of the evidence defendants moved for an instructed verdict which was overruled, and the case was submitted to the jury on special issues, in response to which findings were made convicting the defendants of negligence proximately causing plaintiff's injuries, and assessing damages therefor at $24,000. The defendants moved for verdict non obstante veredicto, which was granted by the trial court and judgment entered that plaintiff take nothing. This appeal is from that judgment.

█ We think the judgment of the trial court denying recovery must be sustained. The evidence as a whole when viewed in a light most favorable to plaintiff still falls far short of establishing a cause of action against the defendants. The brief summary which we have made above demonstrates, we think, that the plaintiff's alleged cause of action and the jury's findings with reference thereto are predicated in several essential respects upon mere presumption, surmise, and speculation.

The simple act of alleged negligence involved is that the employee, Carter, in pitching a case of empty beer bottles from the truck and placing it upon a stack of cases upon the sidewalk, caused a small quantity of liquid in one of the open bottles to splash into the plaintiff's face. And if it be conceded that an issue of fact was raised that the infection and resulting injury to the plaintiff's eyes were occasioned by negligence on the part of Carter, still it cannot be said that the injury was such as ought reasonably to have been foreseen. Obviously, in order to charge the defendants with responsibility for the plaintiff's injuries, it was necessary to impute or bring home to the employee, Carter, knowledge that the open bottles which he was handling contained a liquid which would likely cause injury when splashed or thrown upon the plaintiff. It is not shown that the bottle in question, or any of the bottles then being handled, or which were at any time in the past handled by Carter, had been used as a urinal, or that any empty beer bottles picked up in the past by the defendants in the course of their business contained gonorrhoeal or other dangerous germs. And, except for the general proof that empty beer bottles were gathered up from various places where they may be exposed to unsanitary conditions, there was absolutely no proof that the residue left in beer bottles after the contents have been dispensed is of a dangerous or deleterious nature, or that gonorrhoeal or other dangerous germs are ordinarily found, or, for that matter, have ever been found in empty beer bottles. In fact, as we view the record, there is no fact or circumstance in evidence which would warrant a reasonable inference that the defendants knew, or, in the exercise of ordinary care, should have anticipated that injury would result to the plaintiff by the mere splashing of a small quantity of liquid from an open beer bottle into his face. For aught the record shows, the employee, Carter, was fully justified in believing that whatever liquid was in the open bottles was only the small residue of beer usually left in them. It is not shown or contended that such beer residue is a deleterious substance likely to cause injury when thrown into one's face, much less that such residue or other liquid usually found in such bottles contains gonorrhoeal or other dangerous germs. Obviously, to charge Carter with knowledge of the presence of the infectious liquid in the bottle would be to indulge a presumption not justified by any fact in evidence. And, therefore, to say that he ought to have anticipated the resulting injury to the plaintiff would be to impute to him a foresight nothing short of "prophetic ken." Liability in an action for damages must be predicated on something more substantial and direct than such mere surmise and speculation. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Ebersole v. Sapp (Tex.Com.App.) 208 S.W. 156; Community Natural Gas Co. v. Henley (Tex.Com.App.) 24 S.W.(2d) 10; Green v. T. & P. Ry. Co. (Tex.Com.App.) 81 S.W.(2d) 669; Standard Accident Insurance Co. v. Ritchie (Tex. Civ.App.) 89 S.W.(2d) 498, and cases cited.

█ The trial court would have been warranted in instructing a verdict for the defendants. It was proper, therefore, for the trial court to enter judgment non obstante veredicto denying recovery.

The judgment of the lower court is affirmed.