**LEONARD et ux. v. SMITH.**

**No. 11139.**

Court of Civil Appeals of Texas. Galveston.

Feb. 20, 1941.

Croom & Croom and Sam G. Croom, all of Houston, for appellants.

W. H. Betts, of Hempstead, for appellee.

CODY, Justice.

This suit is an action brought by appellants to have a deed, absolute on its face, declared a mortgage, and further, to have the mortgage, except perhaps in so far as it was given to secure an advancement to pay taxes on the land in question, declared null and void as having been given on appellants' homestead. The deed in question purported to be a conveyance by appellants of a tract of 37.8 acres of land in Waller County, Texas.

Besides interposing a general demurrer and a general denial, appellee answered specially that appellants had executed and delivered to him the deed to satisfy a pre-existing indebtedness consisting of various loans and advancements made to them by appellee, which appellee pled with particularity as to the amounts, times and manner same were made and secured; and appellee also sued to recover title and possession of the 37.8 acres.

The case was tried without a jury, and judgment rendered against appellants, and for appellee that he recover title and possession. The court duly filed findings of fact and conclusions of law. The findings of fact are quite lengthy, and as appellants do not question the sufficiency of the facts as found by the court to support the judgment, but challenge them in certain respects as being against the great weight and preponderance of the evidence, there is no occasion to set forth such findings except to show wherein they are challenged as being against the great weight of the evidence.

Appellee has filed no brief, and does not here oppose the contention of appellants that it was established by the great weight of the evidence that the deed in question was intended as a mortgage on, and not a conveyance of, the 37.8 acres of land, and that the deed was not given by appellants in satisfaction of their pre-existing indebtedness to appellee. And appellants by exhaustive, not to say tedious quotations of evidence, inclusive of appellee's own personal testimony, amply establish their assignment of error to the effect that there is insufficient evidence to establish the finding that the deed in question was intended as a conveyance of the land in question, and such finding is against the great weight and preponderance of the evidence. It is well settled that, "The Courts of Civil Appeals are given jurisdiction to set aside a judgment of the trial court on the

facts, and these courts have exercised this jurisdiction, when, in their judgment the evidence, though sufficient as a matter of law to sustain the judgment, so manifestly preponderated against it as to require a new trial in the interest of justice. Jurisdiction in this regard is wholly distinct from that jurisdiction which both the Courts of Civil Appeals and the Supreme Court have to set aside a judgment where as a matter of law the evidence is not sufficient to support it." Shaw v. Centerfield Oil Co., Tex.Civ.App. 10 S.W.2d 144, 146.

■ As the evidence quoted by appellants amply sustains their stated assignment of error, and appellee has not undertaken to question same, no good purpose would be served by setting forth the evidence quoted by appellants beyond stating that it is made to appear even from appellee's own testimony that the indebtedness due him from appellants, the payment of which he claimed constituted consideration for the deed, was not in fact paid and was not so treated by him, but that the notes evidencing the greater part thereof were still unpaid, and were in the hands of appellee's attorney. In Ruffier v. Womack, 30 Tex. 332, at page 342, the following statement of the rule here applicable is made, "But when the transaction grows out of a pre-existing debt or loan of money, it must clearly appear that such debt is extinguished, or it will be held that the new arrangement is a mere change in the security. (Dougherty v. McColgan, 6 Gill & J. 275.)" It is further made to appear from appellee's own testimony that he knew appellants, who were elderly country negroes, were living on said land at the time he loaned the money to them, and took the original deed of trust on said land to secure said debt.

■ From appellants' pleading it is to be inferred that a small portion of the money loaned was advanced for the purpose of paying taxes on the land, whether this portion of the loan was made so. as to become secured by the "deed" we are unable to determine without, perhaps, going through the entire statement of facts. It further seems that, since taking the "deed" appellee has paid off eighty or ninety dollars of delinquent taxes. It may be that such payment was made by appellee not as a mere volunteer, and he may be able to show a right to be subrogated to the tax lien which he paid off.

Because of the assignment of error herein sustained, it is necessary that the judgment of the court below be reversed and the cause be remanded for a new trial. It will be so ordered.

Reversed and remanded.