## McCRORY'S STORES CORPORATION v. MURPHY.

No. 14397.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 4, 1942.

Rehearing Denied Oct. 9, 1942.

Cantey, Hanger, McMahon, McKnight & Johnson and F. T. Denny, all of Fort Worth, for appellant.

Robert C. Pepper, of Fort Worth, for appellee.

SPEER, Justice.

Mrs. Vennie Murphy, a widow, hereinafter called plaintiff, sued McCrory's Stores Corporation, hereinafter called defendant, for injuries sustained from a fall on the steps between what is known as first floor and basement of defendant's store in the City of Fort Worth, Texas.

At a jury trial, the verdict was favorable to plaintiff. Judgment was entered in her favor, motion for new trial was overruled, and defendant has appealed.

Defendant operates a large store and has many patrons who enter its place when open for business. Plaintiff based her suit upon acts of negligence by defendant in the manner of construction and maintenance of the stairway between the first floor and the lower level.

Plaintiff entered the store and attempted to descend the steps to the basement. While on the second or third step from the top her feet slipped from under her and she fell, striking another customer in front of her, who fell partly upon her.

Several acts of negligence are charged against defendant as to the kind and condition of the steps maintained by it, which the public, including plaintiff, was invited to use. The jury findings in response to Special Issues reflect some of the allegations of negligence and proximate causes of the injury. The substance of the verdict was: (1) The stairway as maintained had a smooth slick surface; (2) the stairway was maintained with uneven treads and risers; (3) the treads were maintained at a sloping angle so that the front edge was lower than its back edge; (4) that there was no rough surface on the treads; (5) there were no metal or other strips at the front of the treads; and (6) that the second and third steps (from which plaintiff fell) had no markings to define the outer edges of the steps. Additional answers found that each of said acts constituted negligence and proximate cause of plaintiff's injuries, and found her damages to be $1,225.

There were other allegations of negligence, but they were either not submitted to the jury or were found not to exist.

Defendant pleaded the general denial and alleged several instances of contributory negligence claimed by it to have been the sole proximate causes of any injuries sustained by plaintiff. These allegations were substantially as follows: (a) In failing to observe the location of the steps and in failing to direct her steps so as to secure a sound footing; (b) failing to make use of the handrails provided; (c) in following too closely another patron descending the stairway in front of her and in such close proximity as not to afford her freedom of step; and (d) " * * If there was any moisture upon the steps, same was brought in from the outside by the defendant (evidently meaning plaintiff) on her shoes, and that she was negligent in not seeing that her feet were dry before attempting to descend the stairs in question." All of the alleged acts of contributory negligence except "d" above were submitted to the jury and they were found adversely to the contention of defendant. We shall have something to say later in this opinion about the question which was not submitted. Unavoidable accident was pleaded and submitted to the jury, resulting in a finding that it was not an unavoidable accident.

The first point raised by defendant complains because the court refused to submit its requested peremptory instruction. When this case was first submitted to us, the record did not disclose that defendant had accompanied its motion for an instructed verdict with any specific grounds why its summary instruction should have been given, as required by Rule No. 268, Texas Rules of Civil Procedure. Since

submission the record has been supplemented, and it now appears that the rule last referred to was followed. We deem it expedient to withdraw our former opinion, accept and consider the amended record and the point raised, along with other matters presented by defendant's motion for rehearing. The parties will be allowed the statutory time to file motions for rehearing after this opinion is announced in lieu of the original.

█ It is contended under this point that the testimony failed to show any act or omission by defendant constituting negligence and proximate cause. We are not in accord with the contention. The testimony was ample to raise the issues pleaded and to support the jury's findings thereon. It is now the settled rule in this state that no instructed verdict should be had in a case if, to consider all testimony in its most favorable light to the one against whom the instructed verdict would have been given, a jury might reasonably have found in his favor. The rule requires that all intendments in the testimony must be resolved in favor of the one against whom the instructed verdict is sought.

By the second point it is contended that the verdict wherein defendant was convicted of negligence in several particulars each constituting proximate cause is without support in the evidence and is so opposed to the overwhelming weight of the evidence as to require such verdict to be set aside and the trial court erred in refusing to do so.

█ The principle of law sought to be applied by defendant, under the point here considered, is supported by many decisions, among which are Shaw v. Centerfield Oil Co., Tex.Civ.App., 10 S.W.2d 144; Leonard v. Smith, Tex.Civ.App., 148 S.W.2d 259; Canales v. Clopton, Tex.Civ. App., 145 S.W.2d 933; Texas Employers' Ins. Ass'n v. Ford, Tex.Civ.App., 93 S. W.2d 227, writ dismissed; and State v. Dickey, Tex.Civ.App., 158 S.W.2d 844, writ refused, want of merit. However, this rule is applicable only when the verdict of the jury is clearly wrong, when measured by the evidence, or was prompted by passion, bias or prejudice, or some other improper motive. 3 Tex.Jur., page 1097, sect. 768. The appellate court may not pass upon the weight of conflicting evidence, but may determine only if there was sufficient evidence to support the verdict. 3 Tex.Jur., page 1117, sect. 782. Of course, if the testimony was of such a nature that ordinary minds could not differ as to the conclusions to be drawn from it, the trial court will take the case from the jury by instructing a verdict. Lee v. International & G. N. R. Co., 89 Tex. 583, 36 S.W. 63.

There were some jury findings in the case at bar which, if considered alone, would raise a serious question in our minds, whether there was a causal connection between the acts of negligence found and the injuries plaintiff claimed to have sustained. But other findings are much more apparent. We find it unnecessary to pass upon those above referred to for the reason, if either of the acts of negligence proximately causing the injuries, found by the jury, is supported by competent testimony, others become immaterial. The jury findings of the slick treads on the steps, their slanting condition from back to front, no corrugated surface and no metal or other edgings, that such maintenance constituted negligence and proximate cause, may not be ignored.

█ Plaintiff went to defendant's store upon the occasion in question to purchase merchandise and used the stairway to the department where she expected to do her shopping. Without question defendant kept and maintained the stairway as an approach to its basement where it expected to sell merchandise to its customers. It impliedly represented that it was safe for them to use. The defendant was not an insurer of the safety of plaintiff while on the premises as an invitee, yet it was under an obligation to exercise ordinary care to keep the premises, including the stairway in question, in a reasonably safe condition for her protection. R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675, 677, writ refused, and cases cited. A different rule applies, however, if the defects or conditions complained of are open, obvious or known to the injured party. Hausman Packing Co. v. Badwey, Tex.Civ.App., 147 S.W.2d 856, 858, writ refused.

█ Applicable to the point under consideration, plaintiff was lawfully in defendant's place of business as an invitee, and unless she knew or was charged with constructive knowledge of the defects in the stairway, which the jury found to exist, she had a right to assume that they

were reasonably safe for her use. She said she had not used the steps during the past year, but over a period of ten or twelve years she had used them perhaps a dozen times; that while she was on the second or third step from the top, her feet slipped out from under her and she fell; she did not know what caused her feet to slip, unless it was because of the slick condition of the steps. It must be conceded that the steps were, in a measure, slick but not unlike many other such stairways in common use, and it may be assumed that she knew of their condition in this respect; but it does not necessarily follow that she also knew, or was charged with knowing, of the dangers incident to their use, because of their worn condition, which caused the tread to slant downward from back to front. She evidently viewed the steps from the top and it cannot be said that the worn and slanting condition mentioned were as a matter of law open and obvious to her.

In Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625, the Supreme Court held that one who stepped, or backed off of, an elevated place a little over nine inches high, a condition open and obvious, at a time when she had visited and patronized the same place under similar conditions, was not guilty of contributory negligence, as a matter of law, but on the very slight evidence there related, it was said to present a jury question.

In the instant case an architect testified, as an expert, that he had examined and measured the steps in controversy. He said they were made of terrazzo, a composition of chipped marble, cement and sand; that this is in common use in such structures; that they mixed carborundum chips and filings with it to make it less slippery; he could not tell from an examination whether these treads had carborundum or not, but that it was his best judgment that they did not have. He said the steps had been in use 20 or 25 years and showed signs of wear; that carborundum was not in common use, for such purposes, when these steps were built; they were obsolete because they contained no metal or rubber nosing, which is considered a safety measure; that the metal nosing would have prevented the front edges from wearing, as these had done; the steps involved were worn until the front edges were lower than the back edges and slanted forward and downward; they were not corrugated in any way, another safety measure considered in modern structures; that the terrazzo composition on these steps was worn and pretty slick. Much of the testimony given by the architect was contradicted by another architect placed on the stand by defendant, but the jury apparently accepted that above referred to. We have not attempted to narrate all the testimony which supports the verdict, but only enough to show that there was substantial testimony upon which the verdict could be found. We are unwilling to hold, as contended for by defendant, that the verdict is so opposed to the overwhelming weight of the evidence as to require it to be set aside. We have not failed to take cognizance of the rule sought to be applied by defendant, but because of the evidence before us, we hold that it is not applicable to the situation before us.

Third point challenges the acts of the trial court in refusing to submit to the jury defendant's requested special issue No. 5, and its two conditional ancillary questions. The requested issue reads: "Do you find from a preponderance of the evidence that the bottoms of plaintiff's shoes were wet when she entered defendant's store and as she attempted to descend the stairway in question?" The two conditional questions inquired whether such acts were negligence and a proximate cause. As above indicated, one of the acts of contributory negligence by plaintiff alleged by defendant was, in substance, that if there was any moisture on the stairway it was brought in from the outside by plaintiff on her shoes and that she was negligent, proximately causing her injuries, by failing to see that her feet were dry before attempting to descend the stairway. We have some doubt that the allegation as made was a sufficient basis for the inquiry requested in the special issue. In some respects our rules of pleading have been liberalized and in others have been rendered more strict and definite by our newly adopted Rules of Civil Procedure. By Rule No. 94 it is provided that affirmative allegations of contributory negligence must be made to be available to the party asserting them. In this case there is no affirmative allegation that plaintiff was negligent in attempting to descend the stairway at a time when her shoes were wet. Nor was any attempt made to prove

that the bottoms of her shoes were wet, except by the remote presumptions and inferences hereinafter pointed out. We need not dwell upon the fact that the requested instruction did not inquire if plaintiff failed to see that her feet were dry before attempting to descend, the thing with which she was charged. To apply a rather liberal rule of construction to the allegation made, it may be said that one charged with having failed to see that her feet were dry is just another way to allege that her feet were wet, and therefore we shall not base our conclusions upon the theory that defendant did not affirmatively plead that she was negligent in attempting to descend the stairway when the bottoms of her shoes were wet. We have carefully studied the testimony bearing on the point and do not believe it sufficient to raise the fact issue. A fair summary of all the evidence offered is that plaintiff's injuries occurred about 10:00 or 11:00 o'clock in the forenoon of June 10, 1940; she said it was cloudy and had rained enough that morning to wet the ground; her way of stating it was: "Well, it didn't seem like so much" (rain). She walked two blocks from her home to the bus line; it was not raining at the time, but it did rain after she got on the bus; it was not raining when she arrived at defendant's store; she stepped off the bus and took a step or two onto the sidewalk in front of the store; there was an awning over the sidewalk; she entered the store and walked from the front entrance, about 30 or 35 steps, to the stairway leading to the basement; while on the second or third step from the top, her feet slipped from under her and she fell. Her fall was stopped when she struck another lady going down in front of her. This lady was Mrs. Cook, whose testimony also bears on the question to some extent. Mrs. Cook said she had driven her car to town that morning; she did not know if it was raining when she left home, but that it was raining when she parked her car nearly a block from where she entered defendant's store at the side entrance near the rear of the building; the sidewalk was wet and she walked on it to the entrance near the head of the stairway; she did not know if the bottoms of her shoes were wet but that they might have been; she immediately started to descend the stairway and in the fall plaintiff struck her feet and she, too, fell. The testimony before us shows that rain fell in the forenoon prior to the time plaintiff left her home; how long prior we do not know; it was in sufficient quantity to wet the ground and whether the ground was still wet when she walked to the bus line is left to conjecture; whether she walked on the ground in going to the bus line does not appear; if she walked on a cement sidewalk instead of the wet ground, if it was still wet, we do not know; if the rainfall that morning was recent enough that the cement sidewalk was wet when she used it, if she did use it, was not disclosed. The length of time expiring after she boarded the bus and her arrival at the store front was not shown. The only other opportunity she had to get her shoes wet was when she stepped off the bus and took a "step or two" to the awning-covered sidewalk in front of defendant's store. Mrs. Cook said that she had walked on the wet sidewalk just prior to starting down the steps and her shoes might have been wet, she did not know; she went down immediately in front of plaintiff; if her shoes were wet and left any moisture on the steps it was in the direct path of plaintiff, who was following her. We think the testimony does no more than raise a suspicion or surmise that the bottoms of plaintiff's shoes may have been wet. Such testimony is not sufficient to raise an issue of fact and in law amounts to no evidence at all. 41 Tex.Jur., page 1042, sect. 237, and cases cited in footnote.

▮ In Green v. Texas & P. R. Co., 125 Tex. 168, 81 S.W.2d 669, it was held that to establish a fact by circumstantial evidence, the circumstances relied upon must have sufficient probative force to form the basis of a legal inference. They are not sufficient if they only raise a speculative conclusion. A similar rule was announced in Garrett v. Hunt, Tex.Com.App., 283 S.W. 489. The same rule was followed in Standard Acc. Ins. Co. v. Ritchie, Tex.Civ.App., 89 S.W.2d 498, writ dismissed; also in Federal Underwriters Exchange v. Hightower, Tex.Civ.App., 161 S.W.2d 338, writ refused.

In the case at bar the circumstances relied upon to establish the point that the bottoms of plaintiff's shoes were probably wet when she attempted to descend the stairs are dependent upon too many presumptions and inferences, which, if considered at all for the purposes intended,

must be pyramided one upon the other. This has been often condemned by our courts. See Federal Underwriters Exchange v. Hightower, supra, and authorities there cited.

By its fourth point defendant complains because the court refused to submit its requested issue No. 10, in which inquiry would have been made whether plaintiff's fall was caused by the height of the heels on her shoes and whether she was negligent in attempting to descend the steps while wearing shoes with heels such as she was wearing and whether that was a proximate cause. There is no testimony whatever that the height of plaintiff's heels contributed· to her fall, nor is there any testimony that the type of heels worn by her were such as could or would cause the fall. She said the heels on her shoes were about an inch or an inch and a quarter high, about such as she was wearing when she testified, and those were exhibited to the jury. Much that has already been said relating to the matter of defensive pleadings is applicable to this point. We refrain from quoting the allegations. Moreover, the court submitted in Special Issue 29 whether or not plaintiff failed to direct her steps so as to secure a sound footing and by Special Issue 35 whether or not plaintiff descended the stairway in such manner as to catch the heel of her shoe on one of the steps. These issues were each answered against defendant's contentions. The two submitted issues presented the ultimate and controlling issues raised by the most liberal construction that could be placed on the pleading and testimony. The point must be overruled.

Complaint is presented in fifth point that the court refused to submit defendant's requested issue No. 12 inquiring if the way and manner in which plaintiff attempted to descend the stairway was the sole proximate cause of her fall. We are cited to authorities such as Neely v. Woolley, Tex.Civ.App., 154 S.W.2d 973, and Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790, where similar questions were involved, and we note those cases were decided upon the point that the general denial was sufficient pleading by defendant to involve all defensive matters to plaintiff's cause of action; hence the inquiry was held a proper one. But, as pointed out above, under rule No. 94, supra, contributory negligence must now be affirmatively pleaded before it is available to defendant upon the trial. As we view this record the court submitted special issues on all points of contributory negligence pleaded by defendant and under rule No. 279 the general denial pleaded did not put in issue additional issues of contributory negligence not affirmatively pleaded. Insofar as we have been able to ascertain, there are no adjudicated cases involving the precise point before us, but our conclusions have been influenced to some extent by discussions before the State Bar Association by Judge Alexander, Chief Justice of our Supreme Court, Hon. J. B. Dooley and others, reproduced under "Commentaries", at page 293 et seq., Vernon's Texas Rules of Civil Procedure.

Refusal of the trial court to submit a requested special issue (not numbered) is presented by sixth point. The requested issue reads: "Do you find from a preponderance of the evidence that the condition of the steps in question was open and obvious to the plaintiff as she descended the stairway in question?" We may assume that this point is urged because of language found in Marshall v. San Jacinto Bldg., Tex.Civ.App., 67 S. W.2d 372, writ refused. The rule is there announced that the owner is not liable in damages to an invitee resulting from a danger which is obvious or should have been observed in the exercise of ordinary care. Defensive allegations in the instant case were in substance that the stairway was well and brightly lighted. This in a broad sense may be said to be an allegation that defendant was not negligent in failing to properly light its stairway so that its patrons could see how to use it. But as we view the requested issue, much more was embraced within it. In the requested issue inquiry is made whether the condition of the steps was open and obvious. The real controversy in this case was the condition of the stairway and whether that condition and its attending dangers from its use were open and obvious to plaintiff by the exercise of ordinary care for her own safety. Under proper pleadings if any condition of the stairway rendered it dangerous, and the condition and its danger from use were open and obvious to a person ·exercising ordinary care for his own safety, a fact ·finding to that effect would preclude a recovery by plaintiff. Renfro Drug

Co. v. Jackson, Tex.Civ.App., 81 S.W.2d 101, writ dismissed, correct judgment; and Marshall v. San Jacinto Bldg., supra. The requested issue does not embrace anything relating to whether the danger incidental to the use of the stairway in its then condition was open and obvious to plaintiff when she attempted to use it.

As we interpret the evidence in this case, it is not contended that a person viewing the stairway from top to bottom, the position in which plaintiff unquestionably viewed it, could detect the worn condition of the steps, causing them to slant downward from the back to the front edge. It is not unfair to assume if that condition was not necessarily observed by her in the exercise of due care for her own safety, she could not be said to appreciate the danger incident to using the stairs when a condition existed with which she was not charged with having had notice. We see no error in overruling the requested issue.

We think no reversible error is shown by defendant's seventh point. Complaint is made of the admission of testimony by the witness Fred Murphree, when he said in effect that a middle handrail on the stairway in question would have increased its safety. The jury answered special issues and found there was no such handrail, but that failure to provide it was not negligence. We find it unnecessary to determine whether or not such an opinion by an admittedly qualified expert was error, because of the jury finding if it was error it was harmless. Luck v. Buffalo Lakes, Tex.Civ.App., 144 S.W.2d 672, writ dismissed, correct judgment. Presented in this point the action of the court is challenged in permitting the same witness to testify that in his opinion, after an examination of the stairway in question, it was unsafe for two reasons, and then gave his reasons. This witness qualified as an expert architect and acquainted with materials, construction work and safety devices. There can be no hard and fast rule laid down as to how far the court in its discretion can go in permitting an expert to express his opinion as such, in a given state of facts. The witness' qualification is determined by the court, and with a full knowledge of the facts inquired about may express his opinion thereon, even though it be the precise question which the jury is called upon to decide. Of course, the opinion so expressed by the expert witness is not conclusive but is like all other evidence adduced, for the consideration by the jury and to be given such weight as shall be found warranted. Montgomery Ward & Co. v. Levy, Tex.Civ.App., 136 S.W.2d 663, writ dismissed, judgment correct, and cases there cited. We see no error in the point raised.

Eighth point asserts error in the action of the trial court in permitting the witness Fred Murphree to testify that the stairway in question was not built in the usual and customary way, and to compare the surface of the treads, with modern construction. The witness qualified as an expert on architecture, construction work, including materials, and safety measures employed in such work. If in the judgment of such expert the stairway in question was deficient in the condition it was being maintained by defendant at the time in controversy, the witness was properly permitted to give his expert opinion thereon, and to state the reasons why he had so answered. Nor can we see any reason why, in justification of the reasons asserted, he could not compare it to other recognized properly and efficiently equipped structures. Defendant cites us, in support of its contention; to Fort Worth & D. C. R. Co. v. Strickland, Tex.Civ. App., 208 S.W. 410, and another case. We have read both, and neither of them involves testimony by an expert witness, nor are the facts there involved comparable to those before us. As a matter of fact, the first comparison of the stairway in controversy and those at other places was brought out by defendant in cross-examination of plaintiff. She was asked about the stairway at the place where she worked and those in the court house where the case was being tried, and to state many things relating to those inquired about as compared to those where she received her injuries. After defendant had examined plaintiff on the subject and accepted her testimony, it was not error for the court to permit plaintiff to inquire about similar matters from the witness Murphree.

We overrule the ninth point, which attacks the judgment as being excessive. A careful reading of the testimony of plaintiff and her attending physician reveals the extent of her injuries, that she was still suffering from their effects at the time of the trial, over a year later.

There is no fixed way of determining compensation for pain and suffering, other than such as a fair and impartial jury shall, in its best judgment, determine. We see no evidence of bias or prejudice on the part of the jury which would affect their verdict.

All points and the related assignments of error are overruled, and the judgment of the trial court is affirmed.