### GULF, C. & S. F. RY. CO. v. RUSSELL.
### No. 7443.

Court of Civil Appeals of Texas. Austin.
April 30, 1930.

N. C. Walker, of San Saba, and Terry, Cavin & Mills, and Joyce Cox, all of Galveston, for appellant.

F. R. Gray, of San Saba, for appellee.

BAUGH, J.

Appeal is from a judgment in favor of appellee against appellant for $153.11 for damages to 149 head of mixed cattle shipped to market by appellee over appellant's road on October 2, 1928, from San Saba, Tex., consigned to the Farmer Commission Company at Fort Worth, Tex. Negligence of appellant alleged was in rough handling and in delay en route. Trial was to a jury on special issues, and judgment rendered upon their answers thereto. The issue of rough handling was abandoned, and only negligent delay, resulting damage, and the amount thereof were submitted.

Questions of what constitutes negligence, resultant injury, and the measure of damages in cattle shipment cases have been so repeatedly adjudicated in this state as to render unnecessary any discussion of them here.

Appellant's first contention is that the undisputed evidence fails to show negligent delay in said shipment. We do not sustain this contention. The cattle were loaded at San Saba, at the instance of appellant's agent there, at 12 o'clock noon, on October 2d. The train transporting them was due to leave there at 12:30 p. m. It did not leave until about 5 p. m. The cattle were not delivered to the consignee at the stockyards at Fort Worth until 10:30 or 10:40 a. m., October 3d, and when watered and fed were too late for the morning market. The testimony showed that the usual, customary, and reasonable time for such shipments between said points to arrive at Fort Worth was from 5:30 a. m. the following day to 8:30 a. m., and in time to be unloaded before 9 a. m., watered and fed, and available for sale on the morning market. The recited facts were sufficient to sustain the jury finding that appellant failed to transport and deliver said cattle with reasonable diligence and speed.

Appellee alleged and the evidence showed that 86 head of said cattle were sold on the afternoon of October 3d, on a market which was sluggish and less active than the morning market; and that the remaining 63 head, mostly calves, had to be held over until the morning market of October 4th, because the commission men could not secure a fair bid on them on the afternoon of October 3d. The general rule is that where there is a market for cattle upon their arrival, when negligently delayed, the shipper should sell, and is then entitled to recover the difference between the price received and what the cattle would have brought on the market but for such delay. That is, a shipper is not entitled to hold his cattle over and speculate on a better price; and, if the market be lower on the following day, then sell and hold the railway company responsible for his loss. But such a rule presupposes a fair or reasonable market or a fair opportunity to sell. Appellee was not bound to sell his cattle on the afternoon of October 3d for whatever he was offered for them on a market that was practically closed, or that offered no reasonable opportunity to him to obtain a fair value. His holding part of them over, for that reason, until the following morning when an active market would be available to him was not, therefore, his speculative choice in the premises, but the exercise of reasonable diligence by him necessitated by the negligent delay of appellant. If, under such circumstances, he encountered a lower market the following day, appellant was responsible in damages for his losses incurred by reason thereof.

The evidence clearly supports the amount of the damages found by the jury. Even if

the cattle held over until the 4th of October recovered their shrinkage in weight, due to said delay, the evidence showed that the market was ½ cent per pound lower than on the previous day, and that said cattle, because of being held over, presented a stale appearance, reducing their marketability.

Appellant next contends that, because appellee only alleged a delay of five hours, the finding of the jury in reply to question No. 2 showed passion and prejudice, which should set aside their verdict in toto. This question was:

"How long did the defendant detain the said cattle, on its cars beyond the time reasonably necessary for their transportation and delivery to Farmer Commission Company at Ft. Worth, Texas?"

To which the jury answered: "Seven and one-half hours."

The appellee filed a remittitur of 2½ hours, but the amount of the damages was not reduced any.

Probably the language of the question misled the jury. There was evidence of a 2½ hour delay in the time of arrival at Fort Worth. It is obvious, we think, that the jury merely added to that delay the 5 hours appellant held the cattle on its cars at San Saba as not being reasonably necessary before they left points of origin. In any event, we think the question immaterial and not essential to the issues presented. The number of hours the cattle were on the cars was only evidentiary on the issue as to whether they had been transported "with reasonable diligence and speed," presented in the first issue, and which was the test of appellant's negligence, vel non. The evidence being sufficient to sustain that finding, and sufficient to sustain an amount even greater than the damages awarded, the circumstances, we think, clearly negative any passion or prejudice on the part of the jury against the appellant. We fail to see the import to either party of the so-called remittitur of 2½ hours. A part of such a fact finding is not subject to a remittitur. In any event, we think that the error, if any, was harmless.

The judgment of the trial court is affirmed.