## G. I. SURPLUS, Inc. v. RENFRO.
### No. 12353.

Court of Civil Appeals of Texas.
Galveston.
Jan. 31, 1952.

Rehearing Denied Feb. 21, 1952.

Fulbright, Crooker, Freeman & Bates, M. S. McCorquodale and James C. Watson, all of Houston, for appellant.

Burris, Benton, Baker & Zwiener, Eugene N. Catlett and F. F. Benton, all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $15,312.75 judgment of the 113th District Court of Harris County, in favor of the appellee against the appellant, in a "merchant and customer" case, as finally entered, in part upon a jury's verdict in response to special issue submitted, and in part upon independent findings of the court itself from the evidence, as damages for personal injuries to the appellee in the loss of his left thumb in the blades of an electric fan, in the wareroom of appellant's store in Houston, found by the court and jury to have been proximately caused by appellant's negligence.

The fan was a portable one, resting on two wooden boxes in an alley-way in appellant's wareroom, from which it fell, catching appellee's hand in its rapidly rotating blades.

The court submitted the negligence issue involved to the jury, in five special inquiries, the material substance of which may be reduced to this:

(1) Was the failure of appellant and its employees to fasten the electric fan to the top of the boxes it was placed on negligence, as that term is herein defined?

(2) Was such negligence, if any, of the appellant, in failing to fasten the electric fan to the top of the boxes, a proximate cause of the appellee's injury, as that term is herein defined?

(3) Do you find that the electric fan in question had no rubber matting, felt, or other material, on the base of it, to prevent it from slipping?

294

(4) Do you find that the placing of the fan on the boxes, with no rubber matting, felt, or other material, on the base of it, if you have so found, was negligence, and a proximate cause of the appellee's injuries, as those terms have been herein defined?

The jury answered all five of the specified inquiries favorably to the appellee, and against the appellant—i. e. that the appellant had been negligent in failing to fasten the fan to the top of the boxes, and in not putting on the base of it a rubber matting, felt, or other material, to prevent it from slipping; and, that each of such omissions had been a proximate cause of the appellee's injuries.

The jury, in the original trial, had fixed the appellee's damages at $20,000, but the trial judge, on a subsequent motion for a new trial, reduced that amount by $5,000 in this order: "The court * * *, heard the testimony of jurors pertaining to the grounds of misconduct set out in appellant's motion for new trial, and heard the argument of counsel for both parties; after due consideration, it was the opinion of the court that the motion should be in all things overruled, except that the court is requiring the Plaintiff to remit the sum of $5,000.00;"

Such remittitur requirement of the court reduced the appealed-from judgment to the $15,312.75 amount recited, supra.

█ The record and the briefs and arguments in this cause have been greatly extended; but, as presaged by the above recitations, it is concluded that it does not present for decision here any new, or unsettled questions-of-law; on the contrary, while, as a matter of course, the contributing circumstances vary as to details from other cases that have been adjudicated, the facts found by the court and the jury here bring the legal effect thereof well within our settled jurisprudence in Texas; in other words, as above indicated, and notwithstanding the wide range of inquiries concerning the relative positions and occupations of both parties hereto, the dealings between them that resulted in this suit made of them a merchant, or storekeeper, on the one hand, and a customer,

or buyer of its goods, on the other. As such their relative legal positions were that the appellee was in the appellant's store as an invitee to trade therein, under the assurance that he would be safe for that purpose so long as he exercised due care for his own safety, and that appellant did not insure him, but did undertake to protect him against its own negligence. J. Weingarten, Inc., v. Brockman, 134 Tex. 451, 135 S.W. 2d 698; Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625; Smith v. Henger, Tex.Sup., 148 Tex. 456, 226 S.W. 2d 425, 20 A.L.R.2d 853; Blanks v. Southland Hotel, Tex., 229 S.W.2d 357; McCrory's Stores Corp. v. Murphy, Tex.Civ. App., 164 S.W.2d 735, er. ref., W.O.M.; Blaugrund v. Paulk, Tex.Civ.App., 203 S. W.2d 947, er. ref., n. r. e.; H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501; Dawes v. J. C. Penney & Co., Inc., 236 S.W.2d 624, writ of error refused, n. r. e.

It follows from the conclusions so stated, that this cause may not be classed, as appellant contends, with such causes as Galveston H. & H. R. Co. v. McLain, Tex.Civ. App., 218 S.W. 65, writ refused; Medical Building of Houston v. Hall, Tex.Civ.App., 243 S.W.2d 409, writ of error granted by the Supreme Court of Texas, on December 19, 1951; Stimpson v. Bartex, 120 Tex. 232, 36 S.W.2d 473 and 476; Fergeson v. National Bank, Tex.Civ.App., 174 S.W.2d 1015, and a host of others.

In those causes so relied upon by the appellant, the facts were, in effect, directly contrary to what the court and jury found those in this controversy to be: i. e., the invitee, or customer, there was found to have been as familiar with the dangers invoked in support of the damages claimed as was the storekeeper, owner, or operator of the premises; whereas, in this instance, it becomes well-nigh self-evident from a consideration of how this accident happened, that the appellee knew little, if anything at all, about how the decidedly dangerous appliance, the rapidly revolving electric fan, was shown to be circumstanced; indeed, the exhibits of it and its accoutrements, brought into this appellate court as exhibits, make it well-nigh self-

295

evident that it was a dangerous instrumentality, put out into a six foot wide aisleway through the store where customers were mingling, to such an extent that it and its equipment choked down the width of the passageway, at the place where the fan suddenly and without warning fell from the unfastened box on which it was loosely resting, from its six foot width to a width of two or two and one-half feet; moreover, it additionally appeared that the appellee, at the time, was leaning or stooping down on his back, hence was caught off his guard completely, and injured, to the undisputed extent he sought recovery for.

Nor did the trial court fail, as appellant contends, to test out before the jury whether or not he was, on his side, negligent in so doing, for it submitted its special issues Nos. 6 and 7, inquiring whether or not—at the very time of the accident—the appellee "failed to keep a proper lookout for the fan, and the boxes upon which it rested," defining it, as meaning "such a lookout as would have been kept by a person of ordinary prudence, in the exercise of ordinary care, under the same or similar circumstances;" further inquiring whether such failure on his part, if found, had been "a proximate cause, as that term is herein defined, of the occurrence in question." The jury answered special issue No. 6, on what this Court finds to have been sufficient supporting evidence, "No."

Indeed, the Court followed such special issues Nos. 6 and 7 with its No. 8, inquiring whether or not the occurrence in question had been the result of an unavoidable accident, which the jury likewise answered in the negative.

Wherefore, this Court, in its efforts to decide this appeal, is not presented with any such a "Scylla and Charybdis" blockade, as appellant, in its reply to the appellee's Supplemental Brief herein, says resulted from what it terms was the trial court's refusal to ask the jury whether or not "the fact that the fan was not fastened to a box was an open and obvious condition."

■ It is held, in this connection, that the issues so submitted embodied the controlling ones of the controversy as a whole, and that the jury's findings thereon, upon sufficient evidence, settled the material points on which the parties had so joined issue, so that, just as in the Dawes case, supra, and as was recognized by this Court in Hodges v. Nix, Tex.Civ.App., 225 S.W. 2d 576, writ refused, n. r. e., there not only could be, but there was, in this instance a question-of-fact, as to whether the situation with reference to the presence of this electric fan was an open and obvious one, which was as well known to the appellee as to the appellant; that was properly submitted to the jury, and, on sufficient evidence, answered in the appellee's favor.

■ The $15,000 damage award, as so finally allowed, is held, without extended discussion, not to have been excessive, under our Texas precedents. It would be supererogatory to review the extended testimony upon this feature, especially the medical portion, hence it will not be undertaken; however, it is considered that the extended coverage of that situation by the testimony of the witness, Dr. McGehee, as supported by that upon non-expert features of the appellee himself, was alone sufficient to support the award.

There does not appear to have been any evidence, indicative of passion or prejudice upon the jury's part, in fixing the amount of the recovery allowed; wherefore it should not be disturbed. Gulf, C. & S. F. Ry. Co. v. Russell, Tex.Civ.App., 27 S.W.2d 608; Leyendecker v. Harlow, Tex.Civ.App., 189 S.W.2d 706, error refused; Bayshore Bus Lines v. Cooper, Tex.Civ.App., 223 S.W.2d 77, writ of error refused; Allbritton v. Sun Ray Oil Co., D.C., 88 F.Supp. 54; San Antonio & A. P. Ry. Co. v. Mason, Tex. Civ.App., 289 S.W. 1027, writ of error dismissed.

■ The trial judge, on the motion for rehearing, thoroughly probed appellant's claim that the jury, while considering the special issues, was guilty of misconduct, within the meaning of Rule 327, Texas Rules of Civil Procedure, in talking among themselves on the general subject of whether or not the appellee in the future, with a

thumb missing, would be hampered thereby in getting employment.

He filed Findings-of-Fact and Conclusions-of-Law thereon, to the effect that such "talks" amounted to nothing material nor prejudicial, that eleven jurors, prior thereto, had agreed on $20,000.00 damages for the appellee, and the remaining one on $15,000, which latter one had subsequently agreed to the $20,000; that such talk "did not constitute misconduct, nor did it have a prejudicial effect upon the verdict of the jury."

Such action, it is held, did not constitute reversible error. Rule 327, T.R.C.P.; Tex.Jur., Vol. 7, 10 Yr.Supp., page 581; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Gillette Motor Transport Co. v. Whitfield, 145 Tex. 571, 200 S.W.2d 624; Blue Diamond Motor Bus Co. v. Hale, Tex. Civ.App., 69 S.W.2d 228, writ dismissed; Menefee v. Gulf, Colorado & Santa Fe Railroad Co., Tex.Civ.App., 181 S.W.2d 287, at page 291.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.