**Dora Lee ALLEN and husband, Walter W. Allen, Appellants,**

v.

**F. W. WOOLWORTH CO., Appellee.**

No. 5285.

Court of Civil Appeals of Texas.

El Paso.

July 30, 1958.

Rehearing Denied Aug. 27, 1958.

Gaither & Brewster, El Paso, for appellants.

Kemp, Smith, Brown, Goggin & White, Tad R. Smith, El Paso, for appellee.

FRASER, Justice.

Plaintiff, Dora Lee Wise (now known as Dora Lee Allen), in this case had entered the defendant's store as a customer, and, while in the store, stepped into some ice cream on the floor of the aisle. According to her deposition, she slipped and gave a little cry, attracting the attention of one of the clerks, who asked her if she had almost fallen. Plaintiff then informed the girl of the presence of the ice cream, stating that it ought to be cleaned up before someone fell and broke their back or neck. After these few words, the plaintiff then took a few more steps and slipped and fell. She stated in her deposition that she had told a clerk it must have been the ice cream on her shoe, and that she then cleaned off her shoe with a piece of paper, which she said "came up dripping."

Defendant filed its motion for summary judgment, which the court below granted, and this case is here on appeal from such summary judgment. The only testimony before us consists of the deposition of plaintiff.

 These cases are admittedly not easy, as there have been many decisions and many areas of thought relative to the responsibilities and duties of the parties involved. It must be kept in mind that we deal here with a summary judgment. This obliges us to accept as true all favorable evidence of the party opposing the motion, and to give such party the benefit of every reasonable inference or intendment which can be resolved in his favor. It is not our responsibility to decide any facts or pass on the credibility of any testimony or witness, but rather to decide whether there exists any genuine issue of fact as to any material matter involved, and to determine if the moving party is, as a matter of law,

entitled to judgment. We, of course, must disregard all conflicting testimony and consider only that which is favorable to the party opposing the motion. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Presley v. Cooper, 155 Tex. 168, 284 S.W.2d 138; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Vol. 4, McDonald Texas Civil Practice, sec. 17.26; Loud v. Sears, Roebuck & Co., Tex.Civ.App., 262 S.W.2d 548.

Appellee urges that there is no question of fact here involved, because Mrs. Wise knew she had stepped in the ice cream and was, therefore, as well aware of the danger as the defendant, owner of the premises, could have been, and that, therefore, defendant owed her no duty. In other words, appellee maintains that, by her own deposition, appellant has precluded herself from recovery as a matter of law.

We do not believe there is an absence of material fact issues here as would justify a summary judgment. There have been many cases and articles dealing with the various phases of this type of situation, and it is not always easy to decide whether a question of fact exists. In this case we assume, and appellee admits that we must so assume for the purposes of this summary judgment, that the defendant store was negligent in permitting the ice cream to get on the floor, and was also negligent in not having that particular area of the store at least properly lighted. Appellee maintains that the negligence of the defendant store could not have been a proximate cause of appellant's accident and, in no event, could charge defendant with liability. This because, based on appellee's interpretation of the well-known case of Robert E. McKee, General Contractor, Inc., v. Patterson, 153 Tex. 517, 271 S.W.2d 391, he claims that there was no duty on the part of the defendant because the danger was open and obvious to appellant and the store had no superior knowledge of the danger, after she stepped in the ice cream. Also, that the doctrine of volenti non fit

injuria applies, and that, therefore, appellant as a matter of law cannot recover.

■ We believe there are issues of fact in this case that preclude rendition of a summary judgment. For example, we think that a question of fact exists as to whether Mrs. Wise was guilty of contributory negligence in continuing her journey, after having stepped in the ice cream, without first cleaning off her shoe. We do not believe her action was contributory negligence as a matter of law. We think that it presents a fact situation to determine whether or not she acted as a reasonably prudent person would have acted under the circumstances. There is also the element of distraction, as was illustrated in the case of Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625, and discussed in the article by Dean Keeton in Volume 33, Texas Law Review, pages 1–23. It may be that plaintiff, who was a woman 51 years of age, will claim that she was startled or distracted, either by her stepping and slipping in the ice cream, or the danger that it presented to other people, and as such *momentarily forgot* or overlooked that there might be some ice cream clinging to her shoe.

■■ The McKee case itself also points out [153 Tex. 517, 271 S.W.2d 395]:

"In order to fix liability on the owner it must first be established that he knew or should have known of the existence of the condition and that he should have appreciated its dangers. Once this is established either as a matter of law or by a fact finding, the inquiry then turns to what was known and appreciated, or should have been known and appreciated, by the invitee. In some cases, the existence of the condition may be so open and obvious and the dangers inherent in it so apparent that we may say as a matter of law that the invitee should have known of and appreciated them."

Later on, in the same case, the Supreme Court says (after citing cases):

"In others, whether the condition was so open and obvious and the dangers in it so apparent that the invitee should have known of them may be fact questions." (Cases cited.)

The Court, later on in the opinion, then says that the plaintiff knew and fully appreciated the danger of working on the slick floor. This was apparent from reading this case. The Court then says:

"The issue here, then, is narrowed to this: When both parties had knowledge of the condition and appreciated the danger, did the defendant breach any duty it owed to the plaintiff * *."

It will be noted in this case that there is constant repetition of and dependence upon the fact that plaintiff knew and fully appreciated the danger before encountering it. We do not have that situation here. This isn't a situation where Mrs. Wise saw the ice cream and deliberately or carelessly stepped into it. The question, as we see it, is—after having stepped in the ice cream, did she fully appreciate the danger in continuing her journey without taking some precautions? According to her deposition she did not know or realize the ice cream was on the sole of her shoe until after she fell. It seems to us to be a clear case of whether she was prudent, or whether she was guilty of contributory negligence, and we believe such in this case is a fact question. Here there is no question, for the purposes of this trial, about the negligence of the store. The condition that plaintiff *knew* was that there was ice cream on the floor because she had already stepped into it. We cannot say as a matter of law, here, that under the facts and circumstances, to wit, her sudden slip, consequent conversation with the clerk, and resumption of her journey, she fully appreciated or should have fully appreciated the danger that might exist because of the presence of ice cream on the bottom of

her shoe. We do not see that it is a voluntary assumption of risk, because she may not have appreciated the danger, or risk. Plaintiff here was a middle-aged woman, with a bed-ridden husband, and, by her testimony, both of them were living on a small sum of money from Social Security and relief sources. We think, therefore, that there is a fact question as to whether or not, all things considered, she fully appreciated her danger. As Dean Keeton states:

"If the defendant is not to be held liable for creating a danger and taking a chance of injuring others unless the chance was unreasonable and he was negligent, then it seems that the plaintiff should not in theory be denied relief for taking a chance unless the chance was unreasonable and he was contributorily negligent."

This author believes that Texas has adopted the position in "Restatement, Torts", paragraph 893, and which he describes as:

"That one who voluntarily enters business property without a right to do so save that derived from the occupier's consent and encounters a condition thereon the danger of which he *appreciated* at the time is not entitled to recover for injuries accidentially resulting from the occupier's negligent conduct."

Again, we find the word "appreciated." The same author mentions five principal questions of fact that occur in this type of case, such as:

"Did plaintiff have actual knowledge of the condition? If so, did he actually realize the danger involved? If he had knowledge of the facts, but did not actually realize the full extent of the danger, should he have realized the danger?"

We agree that these are fact questions.

We therefore believe that there are questions of fact that plaintiff was en-

titled to have resolved by a trial court in this case, as outlined above; to wit, whether she appreciated or should have appreciated the danger, and whether or not she acted prudently or was guilty of contributory negligence. Sections 95 and 96 of Volume 30–B, Texas Jurisprudence, points up that momentary forgetfulness may, but does not always, amount to contributory negligence. As stated there:

"Momentary forgetfulness or inattention to a known danger usually, but not always, amounts to contributory negligence. Even though the plaintiff has forgotten, he will not be held to be guilty of contributory negligence if he has exercised that degree of care for his own safety which an ordinarily prudent person would have exercised under the same or similar circumstances."

Section 96, among other things, says:

"The plaintiff's knowledge of the danger of injury does not of itself constitute contributory negligence. It is the appreciation or opportunity to appreciate the peril which determines his right to recover for negligence * * *."

This line of reasoning seems sound, and again points up the existence of fact questions in this case. To the same effect is Dawes v. J. C. Penney & Co., Tex.Civ.App., 236 S.W.2d 624. The court there held that there was an ultimate fact issue of contributory negligence, and that the trial court was in error in withdrawing the case from the jury and rendering judgment for the defendant.

It will also be noted that plaintiff's petition states as follows:

" * * * while walking and shopping in defendant's said store, slipped and fell on a slippery substance on the floor of said store in such a manner as to suffer severe injuries to her left thigh * * *."

We cannot say, therefore, that plaintiff bases her entire claim on injuries received *after* she had stepped in the ice cream. It is conceivable that she may claim that some of her muscle, thigh, knee, spinal column, and other injuries, were sustained at the time of the sudden slip, and before the fall. If this is true, of course, the summary judgment could not be granted, because defendant admits, in his brief, that we must presume the store negligent in permitting the ice cream to be on the floor, and that the store was inadequately lighted.

■ In conclusion, therefore, we hold that this situation presented fact issues material to the ultimate decision of the controversy, as has been pointed out above. Therefore, it is not a case that can properly be disposed of by summary judgment.

The decision of the trial court is accordingly reversed and the cause remanded.

HAMILTON, Chief Justice (concurring).

The writer concurs in this Court's opinion that the trial court erred in granting summary judgment in this case. In appellee's motion for summary judgment, the only ground upon which he depends is that appellant, after stepping in the ice cream and discovering that she had ice cream on her shoe, then had as much knowledge of the danger as did the appellee.

In making such contention appellee overlooks the fact that appellant is entitled to an issue on proximate cause based on her allegations that her fall and injuries were proximately caused by the negligence of appellee in allowing the ice cream to get on the floor.