WALKER, APPELLEE, *v.* BUSKEN ET AL., APPELLANTS.
(Two cases.)*

(Nos. 9137 and 9136—Decided August 20, 1962.)

*Messrs. Taft, Stettinius & Hollister* and *Mr. C. Robert Beirne,* for appellees.
*Messrs. McCaslin, Imbus & McCaslin,* for appellants.

KEEFE, J.  Two actions to recover for personal injuries were commenced in the Hamilton County Court of Common Pleas against individuals doing business in Cincinnati as the Busken Bakery.  One action was brought by Mary Catherine Walker, and the other by her husband.  His action is strictly derivative, and a resolution of her rights and duties controls the standing of his action.  Use of the designation plaintiff, in this opinion, refers to Mary Catherine Walker.

On Thursday, September 1, 1955, in the late morning, plaintiff went into defendants' bakery during business hours.  At the time she entered the store, she was carrying packages containing merchandise which she had purchased at other stores.  The bakery had display shelves, with merchandise on them, on the left wall as a person entered the store.  The cabinet in which the shelves were located projected one foot from the wall.  Underneath the shelves were two wooden benches.  When plaintiff stood upright, the shelves were about at her eye level.  She went over to the benches and placed her packages on one of the

*Motions to certify the records overruled (37900 and 37901), March 20, 1963.

benches. She said that in rising, after placing her packages on the bench, she hit her head on the bottom of one of the shelves. The transaction was a frontal one; in other words, the plaintiff was facing both the benches and the shelves above them when she bumped her head.

After the contact between the plaintiff's head and the shelf there was no apparent mark, bruise, cut or bump. Her daughter, who was in the store with her, saw no outward manifestation of the bumping which, apparently, was to the top of plaintiff's head. Plaintiff had been in the store before, but the number of prior times is not found anywhere in the record. The store was well lighted at the time of the incident. Plaintiff admitted to an awareness of the existence of the shelves and "knick-knacks" on them before she bumped her head. The "knick-knacks" to which she referred were the defendants' merchandise—displayed on the shelves.

After striking her head, plaintiff completed her shopping in the bakery, drove an automobile to her father's home nearby, then returned to her home in Richmond, Indiana, by train on the same afternoon. On the following day, which was Friday, she drove an automobile on a shopping trip in Richmond. On Sunday morning she was admitted to the hospital in Richmond, Indiana, and, subsequently, she was moved to a hospital in Cincinnati, Ohio, where surgery was performed revealing that she was suffering from the results of an occlusion or closing of an artery deep in the interior of the brain.

The cases were submitted to the jury. It reported to the trial judge that it could not agree and, subsequently, it was discharged. Plaintiffs want the cases retried, contending that three issues exist for the consideration of a jury, namely: (1) Was the defendant, Busken Bakery, negligent?, (2) If Busken Bakery was negligent, was its negligence the proximate cause of plaintiff's injury?, and (3) Was the plaintiff guilty of contributory negligence?

In the trial court the defendant (actually, as has been said, there are two defendants doing business as Busken Bakery) contended, as it does here, that it was entitled to judgment in its favor as a matter of law on each of the above listed three issues. Its motion for a judgment was presented to the trial court on four occasions: first, for a summary judgment; second, at the

close of the plaintiff's evidence; third, at the close of all the evidence; and, finally, on a motion for a judgment notwithstanding the jury's disagreement, pursuant to authority provided in Section 2323.18 of the Revised Code. Each of the four times the court below overruled the motion. Defendants want this court to make such a determination as a matter of law as will preclude another trial, jury or otherwise. There is no necessity for a detailed resolution of all four motions made throughout the proceedings in these cases. It will dispose of the issues presented here for us to decide whether the trial court should have granted the defendants' motion for a judgment in their favor notwithstanding the jury's disagreement.

Assume, for the sake of this opinion, that the defendants were negligent and that their negligence directly and proximately contributed to plaintiff's injuries. What about the plaintiff's responsibility in such a factual situation as here? Did she not have some obligation not to bump her head against a stationary shelf in a well lighted store—a shelf which she had seen, had an awareness of its contents, and which she faced at about eye-level at the time of the contact between the shelf and her head? This case is not one of a side of the head or back of the head blow or contact, but one that occurred between plaintiff's head and something in her line of vision. The bump resulted from plaintiff's own movement. Photographs, which are exhibits in these cases, show the perceptibility of the shelves and the merchandise on them. And, of course, in reason it must be concluded that the idea back of the overall display was to attract attention to it and stimulate sales of defendant's merchandise.

We do not know how the plaintiff happened to bump her head. A host of possibilities exists, including absent-mindedness, preoccupation with something else, uncomplicated inattention, or even, as suggested by testimony of defendant's witnesses, the onset of the very early stages of a stroke. Be that as it may, the actions of the plaintiff constituted contributory negligence on her part which proximately caused her injury. In this respect, reasonable minds can come to no other conclusion; nor can reasonable minds come to any conclusion except that plaintiff's case does absolutely nothing to dispel or counterbalance the inference of her own contributory negligence. The rule is:

"When, * * * giving to every portion of the plaintiff's evidence the most favorable interpretation in favor of the absence of negligence on his part, such evidence, under such interpretation, is susceptible of no other reasonable inference than that of negligence on his part directly contributing to his injury, and where the evidence shows neither a case calling for the doctrine of last clear chance nor one showing wanton or wilful misconduct on the part of the defendant, the question of contributory negligence ceases to be a question of fact for the determination of the jury and becomes an uncontroverted fact for a declaration by the court of the law applicable thereto; in such case, it is the duty of the court to direct a verdict for the defendant. Despite the stringency of the requirements noted in the earlier part of the discussion in this section, there is a legion of illustrations of particular factual situations, especially those to be found in the other articles dealing with specific phases of the law of negligence, which have been deemed to establish contributory negligence as a matter of law and thus to warrant the direction of a verdict for the defendant. There is also authority to the effect that where the plaintiff's own testimony, in an action for personal injuries, amounts to an admission that she was guilty of negligence, which negligence contributed directly to her injury, it becomes the duty of the trial court to sustain a motion for a directed verdict in defendant's favor." 39 Ohio Jurisprudence (2d), 833, Section 199.

The following relevant language is stated in 38 American Jurisprudence, 797, Negligence, Section 136.

"* * * Cognizance should be taken of the facts that, of necessity, a merchant uses counters, cases, and other equipment in which to display his goods, scales upon which to weigh them, and trucks upon which to move them, and that customers reasonably can be expected to avoid danger from such equipment when it is in full view. Ordinarily, the proprietor can escape liability for an injury on his premises by showing that it was caused by something commonly present in stores, such as a standard devise constituting a part of the equipment or fixtures of the store, or some arrangement or display of goods made according to the custom of prudent merchants. * * *"

Plaintiff has cited *Walgreen Texas Co.* v. *Shivers*, 137 Texas, 493, 154 S. W. (2d), 625, which I have read. What it holds,

I do not believe is in agreement with the Ohio rule. In the Texas opinion it is stated: "It is true that momentary forgetfulness or inattention to a known danger may, and usually does, amount to contributory negligence. This rule, however, is not an absolute one. Forgetfulness or inattention will not always be negligence." The Ohio Supreme Court, in 1948, in *Leighton v. Hower Corp.*, 149 Ohio St., 72, at pages 80, 81, 82 and 83, holds:

"The fact that plaintiff was 'temporarily oblivious' does not excuse the exercise by her of due care. On the other hand, we are of the opinion that it does tend to show want of due care. "* * *

"Plaintiff's statement to the effect that she was temporarily oblivious of a step which a few minutes before she had used, *shows a want of due care on her part.*" (Emphasis added.)

My colleagues and I are of the belief that the defendants, doing business as Busken Bakery, are entitled to final judgments in their favor for the reasons indicated, and final judgments are hereby entered for the defendants.

Judgments reversed and final judgments entered herein for defendants.

*Judgments reversed.*

LONG, P. J., and HILDEBRANT, J., concur.